**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**GERARDO DAVILA** **PLAINTIFF**

**vs.** **CASE NO. 4:25-cv-00845-LPR**

**CONWAY SCHOOL DISTRICT** **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This Memorandum Brief is submitted in support of the Motion for Summary Judgment ("Motion") filed by Defendant, Conway School District ("District" or "CSD"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. The District hereby incorporates and relies upon its Statement of Undisputed Material Facts by reference in support of summary judgment. For the reasons discussed herein, the District is entitled to summary judgment as a matter of law.

## I. INTRODUCTION AND FACTUAL BACKGROUND

This is an employment discrimination case. Plaintiff Gerardo Davila ("Plaintiff" or "Davila") alleges he was discriminated and retaliated against by his former employer, the District, on account of his military enlistment in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.*

Davila was first employed by the District in 2016 as a classified employee working as a paraprofessional. *See* Plaintiff's Deposition ("Davila Depo."), excerpts of which are attached to the District's Motion as Exhibit 1, at 13:4-15. In 2019, Davila was hired as the registrar/bookkeeper at Courtway Middle School ("CMS") in the District. Affidavit of Dr. Karen Lasker ("Lasker Aff."), attached to the District's Motion as Exhibit 2, at ¶ 4. In this role, Davila was responsible for registering students who attended CMS; ensuring hours worked on timesheets for the other non-licensed staff at CMS were accurate and timely submitted to payroll at central office; placing

orders for supplies; updating accounts payable; opening purchase orders; and recording employee absences, if necessary. *Id.* at ¶ 4.

After a few years at CMS without incident, on June 13, 2022, Davila was issued a written warning by District administrators following an incident with a female teacher at CMS. *Id.* at ¶ 5. The teacher called CMS staff to see if someone could give her access to CMS after normal hours because she left her personal cell phone in a closet at the school. *Id*. Due to CMS administrators being unavailable, Davila was asked to go to CMS and provide access to the school so the teacher could retrieve her phone. *Id*. While at the school, which had no students or other staff members present because it was after the normal school day, Davila made a comment that the teacher perceived as flirting. *Id.* at ¶ 6. Then, when fumbling for the keys to the school door in his pants pocket, a condom fell out of the pocket, which made the teacher so upset and uncomfortable that she immediately reported the incident to CMS administrators. *Id*. During the District's investigation, Davila admitted that the condom fell out of his pocket. *Id*. at ¶ 7. The District issued the warning based on Davila's conduct being unwelcome and in violation of District policy prohibiting sexual harassment. *Id*. at ¶ 8. Davila admits that he was aware of this disciplinary action when he received the warning, despite the allegation in his Complaint that he did not have any disciplinary actions prior to March of 2024. Davila Depo. (Ex. 1) at 37:14-23.

Later, on March 7, 2023, Davila was issued a notice of concern by David Yates, the CMS principal and Davila's immediate supervisor, due to Davila's repeated failure to follow the District's drop/add policy for students attending CMS. *See* Affidavit of David Yates ("Yates Aff."), attached to the District's Motion as Exhibit 3, at ¶¶ 2, 4. Davila responded to the notice by admitting that he "completely agree[d] that he was in error [and] want[ed] to correct [his] process." *Id*. at ¶ 4. Davila further admits that he was aware of this disciplinary action in March of 2023,

despite the allegation in his Complaint that he did not have any disciplinary actions prior to telling Yates about his possible military service. Davila Depo. (Ex. 1) at 39:5-13.

Approximately one year later, Davila informed Yates in a text message on March 15, 2024, that he planned to enlist in the Air Force Reserves during the 2025-2026 school year. *Id.* at ¶ 5. Yates responded favorably, congratulating Davila and noting that he has a good friend and a brother-in-law who are both currently serving in that same branch of the military reserve. *Id.* Following Davila's March 15, 2024, text message notifying Yates that he planned to enlist in the Air Force Reserves, Davila was offered a contract with the District for the 2024-2025 school year. *Id.* at ¶ 6.

During the next school year, Davila was disciplined several times based on repeated deficiencies in his work. First, he was issued two notices of concern on September 12, 2024, for both missing employee timesheets and failing to timely submit employee timesheets, and for failing to complete a required form when registering a student, which caused CMS to be outside of the timeline for screening and placing students in the appropriate educational setting. *Id.* at ¶ 7.

Later that school year, on December 5, 2024, Davila was reprimanded and given directives by Yates to upload all new student documentation by the end of each month due to his previous failure to do so, which was a violation of District new student registration procedures and protocols. *Id.* at ¶ 8.

On January 31, 2025, Davila was issued additional directives by Yates. One of the directives involved the District's discovery that Davila had been wearing Ray-Ban Meta smart glasses while at work. *Id.* at ¶ 9. These glasses have built-in cameras and microphones which, unlike smart phones and other devices, can surreptitiously record audio, video, and location data, which raises concerns about the risk of breaching staff and student privacy in the school environment. *Id*. During its investigation, the District learned that, according to Davila, he had

taken a few photos with the glasses while at work "on accident," which is a significant concern due to Davila's necessary interactions with students as a part of his work and the District's obligation to maintain student privacy in compliance with the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g. *Id.* at ¶ 10. Davila was also issued a directive on January 31, 2025, for failing to comply with the directives he previously received on December 5, 2024, because he had repeatedly ignored requests to upload documentation for several CMS students. *Id.* at ¶ 11.

Ultimately, based on the continuing performance deficiencies, on April 10, 2025, the District's Superintendent sent Davila a letter informing him that pursuant to District policy, he would not be offered an employment contract for the 2025-2026 school year. *Id.* at ¶ 12. Davila later applied for the position created by him not being offered a contract, but the District selected another candidate. Davila Depo. (Ex. 1) at 19:19-20:17.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed 2d 538 (1986) (the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts"). Only disputes over facts that might affect the outcome of the suit under the governing substantive law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202, 211 (1986). A plaintiff may not simply point to allegations made in her complaint but

must "provide evidence of specific facts creating a triable controversy." *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004).

## III. ARGUMENT AND AUTHORITY

### A. Applicable Law

USERRA "prohibit[s] discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). As relevant here, USERRA prevents employers from denying service members "retention in employment . . . or any benefit of employment . . . on the basis" of the individual's status as a service member and from taking "any adverse employment action or other retaliatory action against any person because such person . . . exercised a right provided" under USERRA. *Id.* § 4311(a)-(b). An employer violates USERRA if the individual's military status or exercise of rights protected under USERRA is a "motivating factor" in an employer's actions against the employee, unless the employer can prove that the action would have been taken in the absence of such membership or person's exercise of a right. *Id.* § 4311(c)(1)-(2). In protecting employees from "any adverse employment action," *id.* § 4311(b), however, USERRA does not "provide a remedy for trivial harms," *Lisdahl v. Mayo Found.*, 633 F.3d 712, 721 (8th Cir. 2011). "Rather, the employment action must be materially adverse to be actionable under the statute." *McConnell v. Anixter, Inc.*, 944 F.3d 985, 988 (8th Cir. 2019).

The initial burden is on the party invoking the protections of USERRA to show that military status was a motivating factor in the materially adverse employment action. *Rademacher v. HBE Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011). To make this showing, the party may point to "a variety of factors" such as: (1) "the employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity," (2) "the proximity in time between the employee's military activity and the adverse employment action," and (3) "any inconsistencies between the proffered reason and other actions of the employer." *Id.* at 1010-11.

In *Rademacher*, the Eighth Circuit affirmed a grant of summary judgment for the employer because the plaintiff did not present sufficient evidence to make this showing. *Id.* at 1010-12. As to the first factor, although the employer initially expressed hostility upon learning that the plaintiff had to take military leave, this "initial frustration," without more, was not sufficient to support an inference that military status was a motivating factor in the employer's decision to fire the plaintiff. *Id.* at 1011. As to the second factor, the plaintiff was discharged almost three years after he joined the Air Force Reserve and approximately two months after he returned from military service, which "weaken[ed] any inference that his military service was a motivating factor" in his discharge. *Id.* And as to the third factor, ostensible inconsistencies in the employer's explanation for termination were insufficient to show military status was a motivating factor, particularly given evidence that the plaintiff's "temperament and dissatisfaction" on the job "played a part" in his termination and that the employer would have fired him "regardless of his military service." *Id.* at 1011-12.

**B. Argument**

In his Complaint, Davila alleges that the District's action of not offering him an employment contract for the 2025-2026 school year constitutes discrimination and retaliation in violation of USERRA because he had always received new employment contracts prior to informing the District that he planned to enlist in the military, and that the disciplinary actions taken against Davila after he informed Yates of his military enlistment were "pretextual in nature." *See* Compl. (ECF. Doc. 1) at ¶¶ 9, 17. Davila claims that prior to informing Yates of his pending enlistment, he had never been disciplined in any way, *id*. at ¶ 7, an allegation that is demonstrably false based on the disciplinary actions he was issued in June 2022 and March 2023.

Despite Plaintiff's allegations, the undisputed evidence clearly establishes that the District had legitimate, non-discriminatory reasons for its decision not to offer Davila an employment

contract. Like in *Rademacher*, summary judgment is appropriate here because Davila does not have sufficient evidence to make a threshold showing that his military enlistment was a motivating factor in the District's decision not to offer him a new contract. As to the first factor, Davila's supervisor unambiguously responded in a very favorable manner to Davila's text message that he would be enlisting in the military. Yates Aff. (Ex. 3) at ¶ 5. As to the second factor, the District's decision to not offer Davila a contract in April 2025 was over one year after he advised Yates of his intent to enlist in the military, which significantly undermines "any inference that…military service was a motivating factor" in its decision not to offer him a new contract. *See Rademacher*, 645 F.3d at 1011. Davila was further offered a new contract for the 2024-2025 school year after Davila informed Yates of his decision to enlist in the military. Yates Aff. (Ex. 3) at ¶ 6. For the third factor, the evidence of Davila's performance deficiencies and failure to comply with directives and District policies and procedures is wholly consistent with the District's reason for not offering him a contract for the following school year. *Id.* at ¶¶ 7-12. There are no inconsistencies with the District's reason for not offering Davila a new contract.

Davila claims that Lasker said to him that she did not understand why people wanted to do this, referring to the military service, and that they had to do a lot of paperwork to answer the interview of the process. Davila Depo. (Ex. 1) at 17:2-14. Davila claims this statement occurred at a meeting in November or December of 2024. *Id.* at 17:15-18. Davila claims this statement was made at the same meeting where he reported concerns of discrimination and retaliation. *Id.* at 17:19-18:3. This evidence, however, is insufficient as a matter of law to support an inference that Davila's military service or complaint of possible violation of his rights under the USERRA was a motivating factor in the District's decision not to offer him a contract for the 2025-2026 school year or not to hire him for the position when he later applied. *See Rademacher*, 645 F.3d at 1011 (holding that the frustration expressed by the employer about the employee's enlistment, without

more, was insufficient to support an inference that the employee's membership in the Air Force Reserves was a motivating factor in the employer's decision to discharge him). Yates, Davila's immediate supervisor who was responsible for most of the disciplinary action against him, undisputedly responded positively to Davila's planned enlistment. Davila Depo. (Ex. 1) at 15:8-19. There is further no evidence that Lasker had any role in the District Superintendent's decision not to offer Davila a 2025-2026 contract.

Any arguments by Davila that his military service or any complaints of discrimination based on his military service was a motivating factor in any adverse employment action by the District would necessarily rely on "conjecture and speculation" that does not "show a genuine dispute of material fact" concerning the District's motivations. *See Zayed v. Associated Bank, N.A.*, 913 F.3d 709, 720 (8th Cir. 2019). Accordingly, summary judgment should be granted in favor of the District.

**CONCLUSION**

Based upon the foregoing argument and authority, the District respectfully submits that its Motion for Summary Judgment should be granted and that Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
Email: pbrick@bbpalaw.com

By: **Jay Bequette**
Jay Bequette, Ark. Bar #87012
W. Cody Kees, Ark. Bar #2012118
Phillip M. Brick, Jr., Ark. Bar #2009116

And

Shastady R. Wagner, Ark. Bar No. 2019044
Conway School District
2220 Prince Street
Conway, AR 72034
Phone: (501) 450-4800
Email: wagners@conwayschools.info

*Attorneys for Conway School District*